2013 MAR 14  PM 4: 11

BY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE OCHOA PEREZ,<br><br>Plaintiff,<br><br>vs.<br><br><br><br>IRS,<br><br>Defendant. | CASE NO. 12-CV-2026 BEN (NLS)<br><br>**ORDER:**<br><br>**(1) DISMISSING ACTION WITHOUT PREJUDICE**<br><br>**(2) DENYING AS MOOT MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>**(3) DENYING AS MOOT MOTION TO APPOINT COUNSEL**<br><br>**(4) GRANTING MOTION TO AMEND/CORRECT NOTICE OF DOCUMENT DISCREPANCIES**<br><br>[Docket Nos. 8, 9, 11] |

On January 17, 2013, *pro se* Plaintiff Guadalupe Ochoa Perez filed a First Amended Complaint against the Internal Revenue Service ("IRS").  (Docket No. 7.) Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (Docket No. 8), a Motion to Appoint Counsel (Docket No. 9), and a Motion to Amend/Correct Notice of Document Discrepancies (Docket No. 11).  The Court decides the matters on the papers submitted.  For the reasons outlined below, the Court **DISMISSES** the action without prejudice, **DENIES** as moot the Motion to Proceed *In Forma Pauperis* and Motion to

12CV2026

1 | Appoint Counsel, and **GRANTS** the Motion to Amend/Correct Document
2 | Discrepancies.

### BACKGROUND

Plaintiff alleges that Plaintiff's identity was stolen in 1991 and 1993. (FAC at 2.) Plaintiff alleges that in "1993 I did not work and IRS contacted me about payment. . . . Nellency [sic] of IRS cost me a lot of stress and mental disturbance." (*Id.* at 2.) Plaintiff wishes to "correct administrative error by IRS [because] my record[s] are incorrect" (*id.* at 3), and that "I need trial date in Tax court to present my case and to make payment agreement on installment payment and to request waiver of penalties" (*id.* at 1). Plaintiff also alleges that Plaintiff unsuccessfully sought assistance from a "tax advocate," H&R Block, and a law student, among others. (*Id.* at 3.)

### DISCUSSION

### I.   *SUA SPONTE* SCREENING AND DISMISSAL

A complaint filed by any person proceeding, or seeking to proceed, *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to mandatory *sua sponte* review and dismissal if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

The legal sufficiency of a complaint is tested under Federal Rule of Civil Procedure 12(b)(6). *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Rule 12(b)(6), dismissal is appropriate if the complaint fails to state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). That is, the complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556. Dismissal is also appropriate when the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). The court must assume the truth of all factual allegations and construe them in the light most favorable to the plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d

336, 337-38 (9th Cir. 1996). *Pro se* litigants are not "excused from knowing the most basic pleading requirements." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000).

Here, Plaintiff does not allege sufficient facts to establish that the IRS made an "administrative error." In addition, even assuming that the IRS made an administrative error, Plaintiff does not cite a legal basis for bringing a cause of action against the IRS. Moreover, Plaintiff is informed that this Court, the United States District Court for the Southern District of California, is distinct from the United States Tax Court. The Complaint is **DISMISSED WITHOUT PREJUDICE** because it lacks a cognizable legal theory.

## II.   MOTION TO PROCEED *IN FORMA PAUPERIS* AND MOTION TO APPOINT COUNSEL

Because Plaintiff's First Amended Complaint is dismissed, Plaintiff's Motion to Proceed *In Forma Pauperis* and Motion to Appoint Counsel are **DENIED** as moot.

## III.   MOTION TO AMEND/CORRECT NOTICE OF DOCUMENT DISCREPANCIES

A Notice of Document Discrepancies was filed on January 17, 2013, accepting Plaintiff's First Amended Complaint for filing. (Docket No. 6.) This Notice of Document Discrepancies contained a typographical error, in that it listed the case title as "Perez v. INS."

On January 25, 2013, Plaintiff filed a Motion to Amend/Correct Document Discrepancies, informing the Court that the correct title of this case is "Perez v. IRS." The Court acknowledges that a typographical error was made on the January 17, 2013 Notice of Document Discrepancies. Plaintiff's motion to amend the Notice of Document Discrepancies is **GRANTED**.

## CONCLUSION

For the reasons stated above, the First Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to file a second amended complaint that corrects the deficiencies outlined above. Any such second amended

1    complaint must be filed no later than **April 15, 2013.**  If Plaintiff chooses to file a

2    second amended complaint, Plaintiff is encouraged to write as legibly as possible.

3        The Motion to Proceed *In Forma Pauperis* and Motion to Appoint Counsel are

4    **DENIED** as moot.  If Plaintiff wishes to renew the Motion to Proceed *In Forma*

5    *Pauperis* or the Motion to Appoint Counsel, Plaintiff must file a new motion to proceed

6    *in forma pauperis* and motion to appoint counsel along with a second amended

7    complaint.

8        The Motion to Amend/Correct Notice of Document Discrepancies is

9    **GRANTED.**

10       **IT IS SO ORDERED.**

11

12    DATED: _3/14/2013_

                           HON. ROGER T. BENITEZ

                           United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28